# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARRELL WILDCAT, Jr., <br> Petitioner, <br> v. <br> WARDEN FELICIA PONCE, <br> Respondent. | Case No. CV 16-6274 PA (MRW) <br><br> **ORDER DISMISSING ACTION** |

The Court summarily dismisses Petitioner's habeas petition for lack of jurisdiction.

\* \* \*

Petitioner is an inmate at the federal prison facility on Terminal Island. He filed a habeas petition in this Court under 28 U.S.C. § 2241 seeking review of his murder conviction.

Petitioner was convicted in 1999 in the federal court in Idaho. His conviction was subsequently affirmed on direct appeal. United States v. Wildcat, 242 F. App'x 385 (9th Cir. 2000). He also pursued habeas relief under 28 U.S.C.

§ 2255 (applicable to federal convictions) in the district court in Idaho. <u>United States v. Wildcat</u>, 2005 WL 2035061, 2005 WL 3263947 (D. Id. 2005).

In his current, 2016 habeas petition, Petitioner contends that he is "actually innocent" because the indictment in his criminal case improperly charged him with murder instead of a lesser offense (such as manslaughter). He also argues that the trial court failed to properly instruct the jury regarding the criminal charge. Petitioner does not rely on any newly discovered evidence or any recent, retroactive change in law to establish the timeliness of this action.

Petitioner acknowledged in his original filing that he is not entitled to bring a new Section 2255 motion to challenge his original conviction. Instead, Petitioner contends that he can take advantage of the "escape hatch" under Section 2241 to pursue what he describes as his actual innocence claims. (Docket # 2 at 2.)

Magistrate Judge Wilner issued an order after screening the petition. (Docket # 4.) Judge Wilner informed Petitioner that he likely was not entitled to further collateral review of his conviction. The Court instructed Petitioner to explain in a further submission why his claims fit through the Section 2241 escape hatch.

Petitioner subsequently submitted a statement and two declarations from fellow inmates assisting Petitioner in custody. (Docket # 6.) The statement did not address the escape hatch issue at all. Instead, the lay declarations suggested that Petitioner's educational and intellectual drawbacks prevented him from pursuing his claims earlier.

* * *

1.   Federal prisoners have two statutory paths by which they may seek a writ of habeas corpus. "As a general rule," federal inmates may collaterally attack their conviction only under 28 U.S.C. § 2255. <u>Alaimalo v. United States</u>, 645 F.3d 1042, 1046 (9th Cir. 2011). However, a federal prisoner may also seek a writ

under 28 U.S.C. § 2241. That statute permits a prisoner to "challenge the manner, location, or conditions of a sentence's execution" by habeas review in the district in which the inmate is confined. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

2. The statutes overlap in the "exceptional case" in which a petition "qualifies for the escape hatch of [Section] 2255, and can legitimately be brought as a [Section] 2241 petition." Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008). The "escape hatch" provision under Section 2255(e) allows a federal prisoner to pursue relief under Section 2241 where it appears that a habeas petition in the sentencing court is "inadequate or ineffective to test the legality of his detention." Id. at 956. To apply the escape hatch, a district court must first answer the "threshold jurisdictional question" of "whether a petition is properly brought under § 2241 or is, instead, a disguised § 2255 motion, before it can proceed to the merits of the claim." Marrero v. Ives, 682 F.3d 1190, 1194 (9th Cir. 2012).

3. A prisoner may qualify for the escape hatch – and bring a Section 2241 petition in the district in which the prisoner is incarcerated – when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Alaimalo, 645 F.3d at 1047 (quotation omitted). However, a "purely legal claim that has nothing to do with factual innocence [ ] is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch." Marrero, 682 F.3d at 1194 (actual innocence "means factual innocence, not mere legal insufficiency") (citation omitted).

4. Petitioner's habeas claims cannot get him through the escape hatch. His claim – nearly 20 years after his trial – involves the legal sufficiency of the indictment that contained the charge of conviction. He identifies no new evidence or any recently-decided legal opinion that renders him factually innocent of the

3

murder charge.  As a result, the petition facially does not present a claim of actual innocence.  Marrero, 682 F.3d at 1194.

     5.    Moreover, Petitioner clearly had an "unobstructed procedural shot" at challenging the adequacy of the indictment.  Whether on direct appeal or in his previous Section 2255 motion, Petitioner had several opportunities to present his record-based challenge regarding the indictment and jury instructions.  Petitioner had his unobstructed shots; he just failed to take them.  Alaimalo, 645 F.3d at 1047.  The statements from Petitioner's fellow prisoners are insufficient to overcome these conclusions.

     6.    If it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief," the Court may summarily dismiss a habeas petition after filing and before a response from the government.  Local Rule 72-3.2; see also Rule 4(b) of Rules Governing Section 2255 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief).

7. The Court summarily concludes from the face of the petition and the supplemental statement that Petitioner's action is a disguised Section 2255 challenge to his conviction. This Court does not have jurisdiction to consider his claims. Harrison, 519 F.3d at 958.

Therefore, the present action is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: 10/13/16

HON. PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE